UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

TERRY SMITH,

              Petitioner-Movant,

- against -

WILLIAM PHILLIPS, as Superintendent of
Green Haven Correctional Facility,

              Respondent.

**Memorandum, Order and Judgment**

No.    02-CV-6329
         04-CV-1725

**Appearances:**

For petitioner:    Jeffrey G. Pittell
                         299 E. Shore Road
                         Great Neck, NY 11023

For respondent:   Glenn D. Green
                         Suffolk County District Attorney's Office
                         Criminal Courts Building
                         200 Center Drive
                         Riverhead, NY 11901

**Contents**

I.    Introduction ............................................................................................................. 2
II.   Proceedings ............................................................................................................ 2
III.  Analysis of Law and Facts ..................................................................................... 2
    A.    Intent .............................................................................................................. 3
    B.    No Constitutional Issue on Trial .................................................................. 5
    C.    Full Warnings Given by Counsel ................................................................. 6
    D.    Punishment for Not Pleading Guilty ............................................................ 6
IV.  Conclusion ............................................................................................................. 9

**JACK B. WEINSTEIN, Senior District Judge:**

## I. Introduction

Claiming failure of his attorney to protect his constitutional rights, petitioner-movant seeks a writ of habeas corpus. Am. Pet. for Writ of Habeas Corpus, No. 04-CV-1725, April 29, 2013, ECF No. 68 ("Am. Pet."). The Petition is denied for reasons stated below.

## II. Proceedings

Already denied with a limited certificate of appealability were prior versions of the petition. *See Terry Smith v. Phillips,* Nos. 02–CV–6329, 04–CV–1725, 865 F. Supp. 2d 271 (E.D.N.Y. 2012) ("*Smith II*"); *Terry Smith v. Scully*, No. 02–CV–6329, 2003 WL 22952848 (E.D.N.Y. Oct. 16, 2003) ("*Smith I*"). Without deciding a direct appeal, the Court of Appeals for the Second Circuit remanded to permit petitioner-movant's amendment. *See* Mandate of the Court of Appeals for the Second Circuit, No. 04-CV-01725, March 12, 2013, ECF No. 64.

Counsel was appointed. The petition was amended.

## III. Analysis of Law and Facts

Knowledge of the relevant factual and procedural history based on pervious Orders is assumed. *See Smith II* at 274-77; *Smith I* at *1-3. Petitioner-movant stipulates that there is only one unresolved issue. Evidentiary Hr'g Tr., No. 04-CV-01725, Aug. 29, 2013, ECF No. 81 ("Hr'g Tr."), at 57:18-24. His motion can be summarized as follows: trial counsel failed to inform him that *mens rea* need not be proven for one of the charges against him, so he turned down a plea offer, went to trial and received a longer prison term than would have been imposed had he pled guilty. Hr'g Tr. 29:1-23; 39:15-40:4.

As he put the matter in his *pro se* motion in the Supreme Court of the State of New York

seeking to vacate his judgment of conviction pursuant to N.Y.C.P.L. §440.10:

> Lawyer never told defendant that [N.Y. Penal Law Section] 120.08(3) or 120.08(6) do not even require proof of *any intent*. The Judge and D.A. never stated this as well. Petitioner's claim that he was "not responsible" due to his brain injury which was a intracerebral hematoma in the right frontal lobe of the brain and/or a collection of blood 2 cm. Doctor Floras stated you can do anything (not knowing) what you are doing. So defendant pleaded not guilty. The lawyer never told defendant about subsections 120.8(3) or 120.8(6) which doesn't require proof of *any intent*. If defendant was told this, he would have pleaded guilty because that is N.Y.S. law.

Am. Pet. at 19 (quoting "440 Motion" pp. 5-6) (emphasis added).

After advice from his present counsel, petitioner-movant framed the argument in his amended petition differently: "[p]etitioner contends if he had been advised—that *intent to cause physical injury* was not an element of the Assault Charge in the SCI—he would have withdrawn his request to vacate his guilty plea (due to his claim of being 'not responsible') to the SCI." *Id.* at 19-20. Thus formulated, petitioner-movant's theory is that he withdrew his guilty plea based upon the belief that he had sustained a brain injury that prevented him from forming the specific intent to injure and his attorney's failure to advise him that intent to injure was not a requisite element of the assault charge amounted to ineffective assistance. *Id.*

There is no basis for his claim in either form.

**A. Intent**

Petitioner-movant was offered a joint plea in two related cases: (1) possession of stolen property (an automobile) and (2) assault on an emergency medical services professional attempting to assist him after he crashed while attempting to flee from the police.

Petitioner-movant was wrong that *mens rea* need not be proven for the assault charge. The Superior Court Information (SCI), dated November 17, 1997, charged him with:

> ASSAULT IN THE SECOND DEGREE, committed as follows:
> The defendant, Terry Smith, on or about May 24, 1997, in Suffolk County, *with intent to prevent* an Emergency Medical Services Professional *from performing a lawful*

3

*duty*, caused physical injury to such Emergency Medical Services Professional. Respd't Letter Ex. 2, No. 04-CV-1725, Aug. 8, 2013, ECF No. 79, at 3 (Superior Court Information) (emphasis added). While the SCI does not cite a specific statutory provision of the New York Penal Law, the felony complaint, also dated November 17, 1997, accused petitioner-movant of: "ASSAULT IN THE SECOND DEGREE in violation of *NYS Penal Law Section 120.08*." Respd't Letter Ex. 1, No. 04-CV-1725, Aug. 8, 2013, ECF No. 79, (Felony Complaint) (emphasis added).

New York Penal Law Section 120.08 does require proof of intent:

> A person is guilty of assault on . . . an emergency medical services professional when, *with intent to prevent* . . . an emergency medical service paramedic or emergency medical service technician, *from performing a lawful duty*, he causes serious physical injury to such . . . paramedic or technician.

N.Y.P.L. § 120.08 (emphasis added).

Petitioner-movant's 440 Motion in the New York Supreme Court refers to New York Penal Law Sections 120.08(3) and 120.08(6). Am. Pet. at 19 (quoting 440 Motion pp. 5-6). But, there are no subsections to Section 120.08. The Amended Petition, filed with assistance of counsel, rests on New York Penal Law Sections 120.05(3) and 120.05(6). *Id.* at 18-19. The SCI makes clear petitioner-movant was not charged under 120.05(6). *See* N.Y.P.L. 120.08(6) ("A person is guilty of assault in the second degree when . . . in the course of and in furtherance of the commission or attempted commission of a felony . . . or immediate flight therefrom, he . . . causes physical injury to a person other than one of the participants.").

Section 120.05(3) provides:

> A person is guilty of assault in the second degree when: . . . *With intent to prevent* . . . an emergency medical service paramedic or emergency medical service technician, or medical or related personnel in a hospital emergency department . . . *from performing a lawful duty* . . . he or she causes physical injury to such . . . paramedic, technician or medical or related personnel in a hospital emergency department . . . .

4

N.Y.P.L. 120.05(3) (emphasis added). As written, the SCI charge could have been proper under either New York Penal Law Section 120.05(3) or 120.08. *See* N.Y.P.L. §§ 120.05(3) & 120.08.

Both Sections 120.05(3) and 120.08—one of which the State would have proceeded under to prove assault—require proof of intent. Thus, petitioner-movant's argument in his 440 Motion was based on a misunderstanding of required *mens rea*.

Petitioner-movant's amended petition makes a more nuanced argument, finding fault with his trial counsel's failure to inform him that the specific "intent to injure" was not a required element of the assault charge. This formulation of petitioner-movant's legal argument is based on a more accurate understanding of the required *mens rea*. But, it is predicated on the fact that had petitioner-movant known the *mens rea* for the assault charge was intent to prevent an EMT from performing a lawful duty rather than intent to injure the EMT he would have pled guilty—a premise contradicted by statements in the 440 Motion and at his hearing in this court. *See id.* at 19; Hr'g Tr. 20:5-23; 29:1-9; 41:18-42:9; 46:14-47:3.

Petitioner-movant repeatedly stated that he withdrew his guilty plea because he "didn't feel responsible" for the assault once his doctor told him that "you can do anything not knowing what you are doing" after a brain injury of the type he experienced during the accident. Hr'g Tr. 41:18-42:9; *see also* Hr'g Tr. 39:24-40:4. He also testified: "I strongly believe I could have beat the assault on trial anyway." Hr'g Tr. 46:14-47:3. This last statement undermines the credibility of petitioner-movant's claim that he would have pled guilty had he known the requisite *mens rea* for the assault charge. *See also* Hr'g Tr. 42:14-23.

B.     No Constitutional Issue on Trial

In any event, the State did not proceed with the assault charge. It allowed that charge to lapse. Since petitioner-movant was never convicted of assault he was not adversely affected by

5

his failure to plead guilty to it.  *See* Hr'g Tr. 44:6-9; 47:6-21.

As to the possession of stolen property charge on which he was convicted, guilt was always clear.  He was found alone in the driver's seat of a stolen car after attempting to flee in it from police.  He can hardly now object to having been convicted in such an open-and-shut case.

Petitioner-movant was not prejudiced by trial counsel's alleged ineffective assistance. *Strickland v. Washington*, 466 U.S. 668, 692 (1984) ("[A]ny deficiencies in counsel's performance must be prejudicial to the defense in order to constitute ineffective assistance under the Constitution.").

### C. Full Warnings Given by Counsel

Before he was tried, petitioner-movant was fully informed of the consequences of not accepting the plea being offered, but he insisted on going to trial.  He was warned by his attorney that, if he was convicted after trial on the stolen property charge, he would receive a sentence equivalent to the one that he did receive after his conviction—17 ½ years to life.

He refused to follow his attorney's advice to accept the plea offer.  The attorney's warning was clear, concise, and sound under the circumstances. Hr'g Tr. 41:4-17; *see also* Sentencing Tr., 4:9-11, Jan. 12, 1998.  Trial counsel was constitutionally adequate.

### D. Punishment for Not Pleading Guilty

Petitioner-movant was originally offered a plea of 2½ to 5 years if he pled guilty to possession of stolen property in the third degree.  That plea offer was withdrawn.  A new offer of 3½ to 7 years with a determinant sentence of 5 years for both a stolen property and assault charge was offered.  Plea Tr., 2:11-11:4, Nov. 17, 1997.  This second offer was turned down by petitioner-movant.  He insisted on a trial.

After trial he was sentenced to 17½ years to life.  It could be argued that he was

"punished" for exercising his constitutional right to trial by jury by being given an extremely long sentence, approximately three times what he would have obtained had he pled guilty. Some would suggest that the sentence was a coercive violation of the constitutional right to a jury trial. *See, e.g.,* Tina Wan, Note, The Unnecessary Evil of Plea Bargaining: An Unconstitutional Conditions Problem and A Not-So-Least Restrictive Alternative, 17 S. Cal. Rev. L. & Soc. Just. 33, 34 (2007) (arguing plea bargains unconstitutionally "penalize[e] those defendants who choose to exercise their constitutional rights and reward[] those who refrain from doing so"); Albert W. Alschuler, The Changing Plea Bargaining Debate, 69 Cal. L. Rev. 652 (1981) (describing sentencing differentials between plea bargains and trials as shockingly large and constitutionally indefensible); Thomas R. McCoy & Michael J. Mirra, Plea Bargaining As Due Process in Determining Guilt, 32 Stan. L. Rev. 887 (1980) ("The unconstitutional conditions doctrine seems to present a serious question about the constitutional validity of the practice of plea bargaining.").

Petitioner has not sought the writ on this ground. His restraint is well founded. The federal courts themselves are not free of reliance on this kind of "coercion"—though normally on a less brutal scale. The Sentencing Guidelines provide a substantial "benefit/penalty" in the form of a three point adjustment for acceptance of responsibility by pleading guilty. USSG § 3E1.1; *see also* Ronald F. Wright, Trial Distortion and the End of Innocence in Federal Criminal Justice, 154 U. Pa. L. Rev. 79, 130-31 (2005) ("One key accomplishment of the federal sentencing guidelines was to make the plea discounts more certain.").

Such "coercion" is treated by the courts as not so shocking as to constitute cruel and unusual punishment. *See* U.S. Const. amend. VIII; *cf.* U.S. Const. amends. VI (right to trial by jury) & XIV (right to due process of law); *Coles v. United States*, 682 A.2d 167, 169 (D.C. 1996)

7

("The line between affording leniency to a defendant who has admitted guilt by pleading guilty and punishing one who has denied his guilt and proceeded to trial is elusive, to say the least.").

Moreover, the Supreme Court has not specifically declared this as a grounds for habeas relief—a requirement under 28 U.S.C. § 2254. *See Williams v. Taylor*, 529 U.S. 362, 412 (2008) (defining "clearly established Federal law" as holdings of Supreme Court decisions); *see also Corbitt v. New Jersey*, 439 U.S. 212, 223 (1978) ("[A]s the Constitution has been construed in our cases, it is not forbidden to extend a proper degree of leniency in return for guilty pleas.").

The court takes judicial notice of the fact that to a large extent the criminal justice system in the United States depends on offering "benefits/penalties" to defendants to induce them to forego their right to a jury trial. *See, e.g., Laufer v. Cooper*, 132 S.Ct. 1376, 1388 (2012) ("[C]riminal justice today is for the most part a system of pleas, not a system of trials."). The number of judges and trial courts available in this country, including New York State and federal courts, is grossly insufficient to support trials in any substantial percentage of charged cases. *See, e.g.,* Warren Burger, The State of the Judiciary, 56 A.B.A. J. 929, 931 (1970) ("A reduction from 90 percent to 80 percent in guilty pleas requires the assignment of twice the judicial manpower and facilities—judges, court reporters, bailiffs, clerks, jurors and courtrooms. A reduction to 70 percent trebles this demand."); *see also* George Fisher, Plea Bargaining's Triumph: A History of Plea Bargaining in America (2003) (arguing plea bargaining has grown to handle mounting caseloads).

Benefits/penalties in pleading account in large measure for our plea rate. "Ninety-seven percent of federal convictions and ninety-four percent of state convictions are the result of guilty pleas." *Laufer*, 132 S.Ct. at 1388; *see also*, United States Sentencing Commission, Statistical Information, Fiscal Year 2012, State of New York, Table 2 Guilty Pleas and Trials in Each

Primary Offense Category, p. 3, (October 1, 2011, through September 30, 2012), http://www.ussc.gov/Data_and_Statistics/Federal_Sentencing_Statistics/State_District_Circuit/2012/ny12.pdf (2012 pleas and trials in each circuit and district); Dept. of Justice, Bureau of Justice Statistics, S. Rosenmerkel, M. Durose, & D. Farole, Felony Sentences in State Courts, 2006-Statistical Tables, p. 1 (NCJ226846, rev. Nov. 2010), http://bjs.ojp.usdoj.gov/content/pub/pdf/fssc06st.pdf ("Most (94%) felony offenders sentenced in 2006 pleaded guilty.").

## IV.  Conclusion

There is no basis for granting the petition as amended. It is dismissed. The court incorporates and adopts the reasoning in its October 16, 2003 and April 16, 2012 Orders. A certificate of appealability on the new issue of ineffective assistance of counsel is denied.

SO ORDERED.

Jack B. Weinstein
Senior United States District Judge

Date:  September 13, 2013
       Brooklyn, New York

9